IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENJAMIN THOMAS** : | : | Civil Action No. |
| 218 Darlington Circle : | : | |
| Philadelphia, PA  19352 : | : | |
| Plaintiff, : | : | Hon. |
| v. : | : | |
| **CITY OF CHESTER,** : | : | Jury Trial Demanded |
| **POLICE DEPARTMENT** : | : | |
| One Fourth Street : | : | |
| Philadelphia, PA  19013 : | : | |
| Defendant. : | : | |

**COMPLAINT (CIVIL ACTION)**

I.   **INTRODUCTION**

1. Plaintiff Benjamin Thomas brings this action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*).  He alleges defendant's violation of his right to employment free from racial discrimination and retaliation has caused him the harms and injuries set forth herein.

II.   **JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a), in that defendant is subject to personal jurisdiction in the Eastern District of Pennsylvania and the events which give rise to this action occurred in the Eastern District of Pennsylvania.

4. Plaintiff has exhausted his administrative remedies, having received a Right to Sue letter from the EEOC on August 16, 2023.

### III.    PARTIES

5. Plaintiff Benjamin Thomas is of Korean and African-American descent and, at all relevant times, was employed by the City of Chester Police Department.

6. Defendant City of Chester is the municipal entity that operates the City of Chester Police Department.

7. At all relevant times, defendant has had at least fifteen (15) employees and has been continually doing business in the City of Chester.

8. At all relevant times, defendant has been, and continues to be, an employer engaged in an "industry affecting commerce" within the meaning of Title VII and the PHRA.

### IV.    ALLEGATIONS OF MATERIAL FACTS

9. Plaintiff was hired by defendant in or around 2012 as a Police Officer.

10. In or around 2016, Plaintiff promoted to the rank of Corporal Detective, which remains his present rank.

11. Plaintiff was the subject of persistent ridicule, harassment, disparagement, and discrimination based on his race and national origin from 2012 through present.

12. Those incidents include: mockingly bowing; co-workers referring to Plaintiff as "Wang;" "decorating" Plaintiff's stats on the detective unit's stats board with Chinese characters, which Captain Chubb permitted to remain and did not address; at least one officer (who later became Commissioner) pulling his eyes to a slant and mockingly imitating Asian speech.

13. In August 2020, Plaintiff made a formal, written complaint about the race and national origin-based harassment he received to Defendant's human resources representative, Ms. Pettiford.

14. In addition to almost a decade of disparaging comments about Plaintiff's race and national origin, most immediately preceding the aforementioned written complaint was a series of "memes" targeting Plaintiff, including a picture of Kim Jong Il with a caption reading "North Korea is the best Korea," a picture of an albino Asian baby with a caption reading "Two Wongs don't make a white," and an image of Plaintiff transposed onto an "Asian Identification Card," each of which, along with others, were placed in Plaintiff's cubicle and throughout the Detectives division workplace.

15. In Fall 2020, after submitting the aforementioned August 2020 written complaint, Plaintiff was subject to two disparaging comments based on his race and national origin, specifically the shape of his eyes, both of which were made in front of other employees and one of which was uttered by the department Chief of Staff.

16. In addition to the Fall 2020 instances, and also despite making the formal written August 2020 complaint, Plaintiff continued to be subject to ridicule and disparagement based on his race and national origin.

17. In May 2021, a subordinate officer stated "sometimes the stereotype fits," in reference to an auto accident Plaintiff was in.  Plaintiff understood the "stereotype" to be the untrue belief that Asian drivers are more accident-prone than other drivers.

18. Also in May 2021, another corporal stated "I thought numbers would be your strong suit" in front of Plaintiff and others during roll call.

19. In response to the August 2020 compliant, defendant nominally counselled Plaintiff's supervisor, Captain Chubb, but Captain Chubb was not actually informed of the basis or purpose of the counselling, and despite a recommendation for additional staff training on racial discrimination, no such training was ever offered.

20. Instead, Plaintiff was offered the opportunity to move his desk into what was a small closet in an area separate from where his co-workers desks were.

21. After opposing to his employer the harassment he was receiving on the basis of his race and national origin, Plaintiff was further ostracized and isolated at work, with his co-workers refusing to speak with him and stating "we can't have fun here because people are too sensitive" and "we can't have any fun now because Ben made a complaint."

22. The foregoing harassment was carried out by co-workers, including supervisors, only one of whom (of equal rank) is of Asian descent and none of whom are of Korean descent.

23. Plaintiff spoke with his Commissioner about being isolated and ostracized, who responded only "hang in there" (i.e. "toughen up") and did not offer any assistance or remedy.

24. Also after opposing the discrimination he was receiving on the basis of his race and national origin, Plaintiff's supervisor Captain Chubb denied his request to "flex" his time, but subsequently approved another detective's request to flex time, and Chubb flexed his own time at least 12 times.

25. Captain Chubb is not of Asian descent.

26. Plaintiff requested petty cash to spray paint over the word "fuck" that was scratched into his police vehicle, which request was denied, while a request for petty cash from a non-Asian employee to tint his vehicle's windows was approved.

27. The persistent ridicule, harassment, disparagement, and discrimination was, at set forth more fully above, the product of a workplace that was aware of such conduct but failed to discourage it or engage in discipline to correct it, that tolerated and explicitly condoned such conduct toward Thomas, and that fostered a culture of anti-Asian discrimination of which Thomas was the primary victim.

28. Defendant was aware of the discriminatory treatment of plaintiff, including by inferior officers, but never corrected it, and never disciplined Plaintiff's co-workers who engaged in that conduct, and instead, because of his complaints to his employer about the discrimination he faced at work, encouraged Plaintiff's co-workers to isolate and ostracize him.

29. The discrimination suffered by Plaintiff, set forth more fully hereinabove, caused him to take medical leave, with both physical and psychological symptoms, in or around June 2021, which leave continues to present because Plaintiff's aforementioned symptoms are exacerbated by defendant's discriminatory culture that continues to the present.

30. The facts set forth more fully above are not an exhaustive list of defendant's discriminatory conduct toward plaintiff, some of which occurred on a near-daily basis.

31. As a result of Defendant's discriminatory actions, Plaintiff has suffered the following harms and damages:

    a. Mental, emotional, and physical pain and suffering and impairment;

    b. Economic loss (including but not limited to lost wages, including overtime wages, and benefits and opportunities for advancement);

    c. Medical expenses;

    d. Loss of enjoyment of work and life activities; and

    e.  Humiliation.

All of which may be permanent.

**V.    CAUSES OF ACTION**

**COUNT ONE**
**Title VII (42 U.S.C. § 2000e et seq.) – Discrimination (Race and National Origin)**

32. Plaintiff incorporates each of the foregoing paragraphs as is set forth fully herein.

33. Defendant engaged in discriminatory employment practices on the basis of race and national origin in violation of 42 U.S.C. §2000e *et seq.* by subjecting him to a discriminatory and hostile work environment on the basis of his race and national origin.

34. Defendant's conduct, as averred above, has deprived plaintiff of employment opportunities and adversely affected his status as an employee because of his race in violation of Title VII.

35. Defendant's unlawful employment practices complained of above were willful in that they were committed with reckless disregard toward plaintiff's federally protected rights, as set out in Title VII.

36. As a direct and proximate result of defendant's conduct, plaintiff suffered and continues to suffer the harms and damages set forth hereinabove.

**COUNT TWO**
**Title VII (42 U.S.C. § 2000e et seq.) - Retaliation**

37. Plaintiff incorporates each of the foregoing paragraphs as is set forth fully herein.

38. Plaintiff's written and verbal complaints set forth more fully above comprise "protected activity" under Title VII.

39. Following the foregoing protected activity, Plaintiff was subject to retaliation, as set forth more fully hereinabove.

40. The effect of defendant's aforementioned unlawful employment practices has deprived plaintiff of employment opportunities and adversely affect his status as an employee because of his race.

41. As a direct and proximate result of defendant's retaliatory conduct, plaintiff suffered and continues to suffer the harms and damages set forth hereinabove.

## COUNT THREE
### Pennsylvania Human Relation Act (43 P.S. § 951 et seq.)

42. Plaintiff incorporates by reference each of the foregoing paragraphs as if they were set forth fully herein.

43. Defendant, through the acts averred above, has discriminated against plaintiff because of his race in violation of the Pennsylvania Human Relations Act.

44. The effect of the defendant's unlawful employment practices complained of above has been to deprive plaintiff of employment opportunities and adversely affect his status as an employee because of his race.

45. Defendant's unlawful employment practices complained of above were committed with malice and reckless indifference toward plaintiff's protected rights under the Pennsylvania Human Relations Act.

46. As a direct and proximate result of defendant's conduct, plaintiff suffered and continues to suffer the harms and damages set forth hereinabove.

## VI.    DEMAND FOR JURY

47. Plaintiff hereby demands a jury on all issues so triable.

## VII.   RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor and against the Defendant and order the following:

a. compensatory and punitive damages in an amount to be determined at trial;

b. reasonable attorney fees and costs associated with this action; and

c. other such relief as this Court may deem just and equitable.

                Respectfully submitted,

                WILLIAMS CEDAR, LLC

                By: Christopher Markos
                PA ID No. 308997
                One South Broad Street, Suite 1510
                Philadelphia, PA 19107
                Telephone: 215-557-0099
                Facsimile:  215-557-0673
                Email:  cmarkos@williamscedar.com

Dated: November 10, 2023